# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RAFAEL OLIVAS-SAUCEDA, | CASE NO. 12-CV-293-LAB  09 CR 00911-LAB |
|---|---|
| Plaintiff, vs. | **ORDER DENYING HABEAS RELIEF** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Olivas-Sauceda pled guilty to importing cocaine into the United States and on October 2, 2009 was sentenced to 57 months in prison. On February 2, 2012 he filed a federal habeas petition asking for a reduction in his sentence.

A federal prisoner's petition for habeas relief is subject to a one-year statute of limitations that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes "final" under § 2255 upon "the conclusion of direct review or the expiration of the time for seeking such review." *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007). Because Olivas-Sauceda did not appeal his sentence, it became final just fourteen days later, or October 16, 2009. *See* Fed. R. App. P. 4(b). His § 2255 petition was therefore due on October 16, 2010. For this reason, the petition is **DENIED** as untimely.

//
//
//
//

- 1 -

The Court adds that Olivas-Sauceda relies on a boilerplate petition that it has seen a flood of in recent months. This petition, always filed by Mexican defendants seeking a reduction in their sentence, argues that it violates the Fifth and Fourteenth Amendment for the United States to deny aliens a sentence reduction for entering a drug program or halfway house. The Court has consistently denied this. *See, e.g., Alejandro Rodriguez-Preciado v. United States*, Case No. 11-CV-2949, Dkt. No. 2 (S.D. Cal. Jan. 12, 2012) ("No due process or equal protection issue arises merely because a defendant's alien status excludes him from certain programs available to citizens, within the prison system or without.")

**IT IS SO ORDERED**.

2-27-12

**HONORABLE LARRY ALAN BURNS**
United States District Judge